Is counsel here for Jerry Harvey Audio Holding against 1964? Please come forward. Okay, this is Appeal Number 18-1299, Jerry Harvey Audio Holding against 1964 Ears, Mr. Ravitcher. Thank you, Your Honors. Good morning. May it please the Court, appellant is satisfied to rest on their briefs. If the Court has any questions, we'd be more than delighted to answer them. Any questions for Mr. Ravitcher? Any questions? The only one issue I would like to just address briefly that they raised in their opposition brief that we didn't fully address is the adequacy of our Notice of Appeal under Federal Rule of Appellate Procedure 15. That rule only requires we identify the order we're appealing from, which is the final written decision here, which is exactly the same as in Applications for Internet Time, which is the principal case we rely on for their inadequacy of identifying the real partisan interest. Rule 30 is the rule that requires us to identify the issues. They concede we did that at the time that we designated the materials for the appendix. Any further questions? Thank you, Your Honor. Thank you. Ms. Holman.  I would just like to briefly address, since Mr. Ravitcher said that they were appealing from the final written decision in this case, that one of the major issues that's up on this appeal is whether there was a significant, whether there was an appropriate determination by the Board under Section 312A2 of the Administrative, or of the AIA, concerning the real partisan interest. That decision was made only in the institution decision in this case, and they cited, there's been citation to the RPX case as well as the Wi-Fi One en banc case, both of which concern Section 315B, which is the time bar. You can't appeal from the institution decision. The question is whether that issue became part of the final decision. It's a separate question. Yes, Your Honor, and that issue did not become part of the final written decision because the patent owner did not re-raise that argument in their patent owner response. It was only in the patent owner preliminary response to which the petitioner had no right of response. The petitioner was not allowed to respond, and the Board did not rule on it in the final written decision because it was not preserved. There are CFRs that regulate the aspect that if you want to actually have a particular outcome, you have to raise it in your patent owner response, and they did not. So the 312A2 determination in this case was only in the institution decision, and considering Mr. Ravitcher rested on the briefs with respect to everything else, petitioner will as well unless the court has any questions. Thank you. Okay. Thank you, Mr. Ravitcher. There isn't very much to read, but you have a few minutes, but no new issues. Yes, Your Honor. 312A2 is a jurisdictional issue, so it can be raised at any time. It would have been futile to re-raise it in our patent donor response because we had made a motion for discovery, which petitioner objected to, the Board denied. It would have just been a waste for us to repeat verbatim the same arguments with the same evidence we relied on in our preliminary response to just replete it in our patent owner response. So there was no waiver there by not putting it there, just requiring the Board. Have we ever addressed the real party and interest issue, even in the context of a time bar where it wasn't raised as part of the argument after the initiation? The only time I'm aware of this court addressing real party and interest issues as they relate to IPRs is the Applications for Internet Time case and the Worlds v. Bungie case, which Worlds v. Bungie says that 312A2 compliance is an important issue, and the statute's claim— that it was raised as part of the argument after the initiation? I believe that's correct, Your Honor, but it's— So you're not able to say—to show us any case where we've addressed the issue when it wasn't raised after the initiation? That particular issue, no, but, for example, there are other issues that the court has addressed, including intervening changes of the law like SAS and our motion for remand to deal with the uninstituted grounds where we did—they correctly say we did not raise that in our patent owner response, but we're nonetheless entitled to raise it on appeal. We believe 312A is a jurisdictional issue. It goes to the institution decision. The Board had no jurisdiction to issue its final written decision because the petitioner strategically chose to wait until the last minute to file their petition. They couldn't correct it to add the real parties and interest, which are clearly real parties and interest under the Application for Internet Time case, given the evidence that we submitted regarding the owner, the single owner of these two LLCs, and the pseudonym-similar incorporated company. So we don't believe that it was necessary or would be a judicial use of the Board's time to re-raise the exact— I mean, we literally could have copied and pasted exactly what we wrote in preliminary response, and the Board could have copied and pasted exactly what they wrote in the institution decision, denying or disagreeing with us on that issue. That would be just a waste of time and effort. There is no record for us to look at. On this question of the requested remand to address the uninitiated grounds, in the BASF case, we've said we're not going to do that unless you, as the patent owner, show it would make a difference. Have you made such a showing here? Yes, because we show in our briefs why the underlying obviousness determination wasn't supported by substantial evidence. Therefore, this Court should reverse that decision. Yeah, but you're not addressing my question. How are you adversely affected? BASF says you have to be adversely affected. How are you adversely affected by the failure to address the uninitiated grounds? The exact same reasons all patent owners are adversely affected by the failure to address uninstated grounds, which this Court said in Polaris and PGS and Amazon and other cases, where it said this cloud on the – this allows them to get the second bite at the apple at the district court that Congress expressly does not want them to have, which the Court discussed in AIT, why it's important to name the real parties of interest so they can't then raise those uninstituted grounds when we go back to the district court, because the estoppel doesn't attach to the uninstituted grounds. This is the same – there's no unique harm to us as a patent owner that's different than the harm to all other patent owners, which is why we cite verbatim the quote from the Court's decisions identifying the harm to patent owners from the patent office's failure to institute on all grounds. There's nothing special about the harm to us. All right. Any more questions? Any questions for us? Yeah. Okay. Thank you. Thank you both. The case is taken under submission.